UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PATRICK SALVADOR,

               Plaintiff,

    - against -

THE CITY OF NEW YORK and POLICE OFFICER
JOSE RODRIGUEZ, Shield No. 006634, and
DET. SHANE GUGLIUCCIELLO, Sheild No.: 000431,
and SGT JOHN KING, Tax No. 923447

               Defendants.
------------------------------------------------------------------------X

**DOCKET NO. 15CV05164 (DLC)**

**AMENDED COMPLAINT**

**TRIAL BY JURY DEMANDED**

## PRELIMINARY STATEMENT

    The plaintiff brings this action against all defendants pursuant to 42 U.S.C. Section 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of New York against, POLICE OFFICER JOSE RODRIGUEZ, Shield No. 006634, and DET. SHANE GUGLIUCCIELLO, Shield No.: 000431, and SGT JOHN KING, Tax No. 923447, police officers of THE NEW YORK CITY POLICE DEPARTMENT, in their individual capacities and against THE CITY OF NEW YORK, to redress the deprivation under color of law of plaintiff's rights, privileges and immunities secured by the Constitution of the United States. Plaintiff seeks money damages to redress and remedy the deprivations of his constitutional rights. In addition, plaintiff invokes the pendant jurisdiction of this court over related, ancillary and pendent state law claims. Plaintiff seeks an award of attorneys' fees and costs pursuant to 42 U.S.C. Section 1988 and pursuant to any other laws that may apply.

    It is alleged that the individual police officer defendants made an unreasonable search and seizure of the person of plaintiff, violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and that these defendants assaulted and battered the person of plaintiff and falsely arrested him, imprisoned him,

and subjected him to malicious prosecution. It is further alleged that these violations and torts were committed as a result of the policies, practices and customs of THE CITY OF NEW YORK, and THE NEW YORK CITY POLICE DEPARTMENT

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. Section 1983 and 1988 to redress the plaintiff's rights under the Constitution of the United States. Jurisdiction is based upon 28 U.S.C. Sections 1331 and 1343.

2. This court has jurisdiction over the plaintiff's state law claims under the doctrine of pendent jurisdiction.

3. All of the actions, omissions, and events complained of took place within the County of Bronx, City and State of New York, and within the venue of this court.

4. The amount in controversy exclusive of interests and costs exceeds the sum of $100,000.

## PARTIES

5. The plaintiffs are citizens of the United States and a resident of the County of Bronx, State of New York.

6. Defendant THE CITY OF NEW YORK (Hereinafter referred to as "THE CITY") is a body corporate and politic, duly organized and existing under and by virtue of the laws of the State of New York, and pursuant to law is capable of suing and being sued in this court.

7. At all times hereinafter mentioned the defendant THE NEW YORK CITY POLICE DEPARTMENT (Hereinafter referred to as "NYPD") was and still is a subdivision subject to the control of the THE CITY.

8. Upon information and belief, defendant NYPD is a division of THE CITY organized and existing under and by virtue of the laws of THE CITY and the State of New York.

9. Defendant THE CITY is responsible for the policies, practices and

customs of NYPD.

10. Defendant THE CITY is responsible for the hiring training, supervision, retention, control and discipline of NYPD and its officers.

11. Defendant THE CITY is and was the employer of the personnel named herein as individual defendants.

12. Defendant THE CITY is also responsible for the operation, practices, and totality of conditions of the NYPD.

13. Defendant NYPD is responsible for the policies, practices and customs of NYPD.

14. Defendant NYPD is responsible for the hiring training, supervision, retention, control and discipline of NYPD and their officers.

15. Defendant NYPD is and was the employer of the personnel named herein as individual defendants.

16. Defendant NYPD is also responsible for the operation, practices, and totality of conditions of the NYPD.

17. THE CITY acts, or fails to act through its policy-making officials including but not limited to its supervisor, town board, and the chief of the NYPD; the acts and edicts of these policy making officials represent also the policies, practices and customs of THE CITY.

18. THE CITY and NYPD have, jointly and severally, a constitutional and statutory responsibility for the conditions at the NYPD and are jointly and severally responsible for ensuring that the operations of said precinct are in conformity with constitutional requisites.

19. THE CITY and NYPD are and were jointly and severally responsible for ensuring that the police officers of the NYPD and more specifically those officers named as defendants herein, obeyed the regulations of the NYPD, THE CITY, the ordinances and laws of THE CITY, and the laws and the Constitution of the State of New York and

the United States.

20. Defendants, POLICE OFFICER JOSE RODRIGUEZ, Shield No. 006634, and OFFICER DET. SHANE GUGLIUCCIELLO, Shield No.: 000431, and SGT JOHN KING, Tax No. 923447, police officers of THE NEW YORK CITY POLICE DEPARTMENT, are and were police officers of the NYPD and employees of the NYPD and of THE CITY, and at all times herein were acting in such capacity as the agents, servants and employees of NYPD and THE CITY.

21. The defendant officers were at all times relevant to this complaint duly appointed and acting officers of the NYPD and of THE CITY, acting under color of law; to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and THE CITY and NYPD.

22. At all times relevant hereto and in all of their actions described herein, each defendant was acting under color of law, state authority, statute, custom or usage, and pursuant to their official authority. All of the actions were done intentionally.

## FACTS

23. On 09/18/14, plaintiff was lawfully present in his home, 1291 Bronx River Ave., 1st floor Apt., County of Bronx, City and State of NY. The defendant police officers entered plaintiff's apartment pursuant to a warrant to search for weapons, and falsely arrested him for the crimes of violation of PL 220.16(1) Criminal possession of controlled substances 3rd, PL 220.06(1), Criminal possession of controlled substances 5th, and PL 220.03, Criminal possession of controlled substances 7th, as well as violation of NYSTL 1817(a) relating to sales and use taxes, and AC 20-453, General Vendor License required. These officers had no probable cause to believe plaintiff had violated any of these laws, and their search exceeded the scope of the warrant, and, moreover, the search itself showed that the prescription medication in plaintiff's apartment had been

prescribed to him, because the bottle indicating this fact was also present in the drawer in a bureau in the apartment; the same bureau where the pills were found. Furthermore, the cigarettes in plaintiff's apartment were lawfully purchased by his brother, were lawfully in his possession, which possession was not illegal, and no evidence revealed an intent to sell them.

Thereafter plaintiff was confined for an excessive amount of hours (36) at the 43rd Precinct, NYPD, and thereafter central booking, and the the defendant's baseless prosecution was maliciously continued and dismissed on 03/24/15. The warrant was invalid, because it was based on statements by defendants and a confidential informant which, upon information and belief, were false, and/or made with reckless disregard of their truth or falsity.

Plaintiff was not told the nature of the charges until he was taken to the 43rd Pct. Had the defendants spoken to plaintiff about their suspicions he would have advised them to look further and note that the oxycontin pills recovered by the officers were in close proximity to the bottle indicating they were prescribed to plaintiff, which was missing it's top, thus they were placed in a plastic bag. They were not drugs he intended to sell. Had the defendants looked about the apartment and taken note of the ashtrays with cigarette butts of the same brand as those in the cartons they found, and spoken to the plaintiff, they would have learned that the cigarettes were not intended for re-sale, but were simply the brand two occupants of the household smoked.

Instead, having found no weapons, the defendants arrested plaintiff for the above alleged crimes, 4 out of 5 of which involve an intent to sell, which was not present, and the 1 which did not require such intent required unlawful possession thereof, which wasa not present. Plaintiff was not told the nature of the charges until he was taken to the 43rd Pct. He did file a CCRB complaint. (D72-108 - CCRB documents) He did file a CCRB complaint. (D72-108 - CCRB documents)

24.    Plaintiff was lawfully present at the location when Defendants intentionally

assaulted and battered the plaintiffs herein as specified above in the course of effectuating a false arrest without probable cause to believe the claimants herein had committed any crime or offense.

25. Plaintiff was verbally abused and subjected to verbal intimidation by POLICE OFFICER JOSE RODRIGUEZ, Shield No. 006634, and Shield No. 006634, and DET. SHANE GUGLIUCCIELLO, Sheild No.: 000431 police officers of THE NEW YORK CITY POLICE DEPARTMENT.

26. Plaintiff was falsely arrested, incarcerated and roughly cuffed hands behind his backs, and caused to wait inside and outside his building of residence for an extended period of time, while neighbors and acquaintances passed to an fro causing them embarrassment. He was then transported to the 43th Pct, and from there to Central Booking, and remained in custody for 36 hours. Thereafter the Bronx County DA failed to proceed to trial and declined to prosecute.

27. Plaintiff had not resisted or assaulted the defendants in any way, and such force as was used against them was unnecessary, unreasonable, and excessive.

28. At no time during the events described above was the plaintiff intoxicated, incapacitated or disorderly, or a threat to the safety of himself or others. He had committed no criminal offenses.

29. The warrant pursuant to which the defendants searched the premises in question was defective and not based on probable cause, because the defendants knowingly and intentionally, or with reckless disregard for the truth, made a false statement in the affidavits supporting the warrant application, and that false statement was necessary to the finding of probable cause: to wit - that plaintiff was in possession of a gun.

30. No gun was found as a result of the search, probable cause for which was lacking, because it was based on a patently unreliable confidential informant, and patently unreliable statements made by that informant.

31. The sole support for the defendant's application for a search warrant was a statement by an alleged confidential informant that an occupant of the apartment searched was in possession of a gun.

32. No physical description of the alleged gun possessor was provided.

33. The statement of the facts and circumstances surrounding the confidential informant's gaining awareness that an occupant of the apartment possessed a gun was patently false.

34. The confidential informant was patently unreliable.

35. The defendants had no probable cause for the arrest of the plaintiffs, and no legal excuse or cause to continue their search past the boundary warranted, or to perform an unconstitutional search and seizure of the person of the plaintiffs.

36. The items seized and for which plaintiff was arrested, cigarettes and Oxycodone for which plaintiff had a valid prescription, was an improper seizure of one item (cigarettes, drugs) under a warrant that describes a different item (firearms)

37. The search and subsequent arrest of plaintiff was unconstitutional under the Fourth Amendment because it does not authorize the seizure of items other than those identified in or reasonably covered by the terms of the search warrant, unless it is immediately apparent that such items are contraband or illegal on their face.

38. It was not immediately apparent that the Oxycodone was illegal; it was located in a bag right next to the prescription bottle for the drug showing it was prescribed to plaintiff.

39. It was not immediately apparent that the cigarettes recovered were illegal; there was no evidence of an intent to sell them.

40. Defendants intentionally ignored exculpatory evidence that would void probable cause if taken into account: plaintiff's prescription for the Oxycodone in close proximity. The defendants deliberately disregarded facts known to them which established a defense

41. Defendants charged plaintiffs with violation of PL 220.16(1) Criminal possession of controlled substances 3rd, PL 220.06(1), Criminal possession of controlled substances 5th, and PL 220.03, Criminal possession of controlled substances 7th, as well as violation of NYSTL 1817(a) relating to sales and use taxes, and AC 20-453, General Vendor License Defendants knew plaintiffs had not committed this offense.

42. The officers had no probable cause to arrest the plaintiff

43. At no time did the defendants possess information that would lead a reasonable police officer to believe that probable cause existed to arrest plaintiff

44. As a result of the foregoing plaintiff suffered loss of his liberty, mental anguish, shock, fright, apprehension, embarrassment, humiliation and deprivation of their constitutional rights.

45. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described, and lent their physical presence and support and the authority of their office to each other during said events.

46. All of the above acts were done both individually and in concert and intentionally and while acting under color of law, and in the scope of employment with THE CITY and the NYPD. It was a conspiracy to deprive the plaintiffs of their civil rights guaranteed under the Constitution of the State of New York and the United States and the laws of New York State and the laws of the United States.

47. THE CITY and the NYPD had a policy of not training their employees with respect to the proper use of force and allowing persons such as plaintiffs herein to be assaulted, battered and improperly searched and seized.

48. If THE CITY and NYPD had a policy of training their employees with respect to the proper use of force, same was not enforced.

49. On information and belief, the abuse to which the plaintiff was subjected was consistent with an institutionalized practice of THE CITY and the NYPD which was

known to them and/or ratified by THE CITY and the NYPD, with the defendants at no time having taken any effective action to prevent their employees from continuing to engage in such misconduct and violation of constitutional rights and violations of law.

50. On information and belief, defendant THE CITY and the NYPD had prior notice of the vicious propensities of the individual defendants but took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority or to terminate their employment. The failure to properly train defendants included the failure to instruct them in applicable sections of the New York State Penal Law, and proper use of force, and failed to properly train them with respect to the constitutional rights of citizens.

51. On information and belief THE CITY and the NYPD authorized, tolerated as institutional practices, and ratified the misconduct heretofore described.

52. As a direct and proximate result of the said acts of the defendants, and the abuse of authority detailed above, the plaintiff suffered the following injuries and damages:

> a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure to their person:
> b. Loss of his physical liberty:
> c. Physical pain and suffering and emotional trauma and suffering, requiring expenditure of money for treatment.

53. The actions of the defendant officers violated the following clearly established and well settled federal constitutional rights of plaintiff:

> a. Freedom from unreasonable search and seizure of his person.
> b. Freedom from the use of excessive, unreasonable and unjustified use of force against his person.

## COUNT I

## 42 U.S.C. SECTION 1983 AGAINST INDIVIDUAL DEFENDANTS

54. Paragraphs 1 through 53 are incorporated herein by reference as though fully set forth.

55. Plaintiffs claim damages for the injuries set forth above under 42 U.S.C. Section 1983 for false arrest and imprisonment against defendants POLICE OFFICER JOSE RODRIGUEZ, Shield No. 006634, and OFFICER DET. SHANE GUGLIUCCIELLO, Shield No.: 000431, and SGT JOHN KING, Tax No. 923447 police officers of THE NEW YORK CITY POLICE DEPARTMENT for violation of their constitutional rights under color of law, in an amount to be determined by a jury after due trial.

## COUNT II
### 42 U.S.C. SECTION 1983 AGAINST THE CITY AND THE NYPD

56. Paragraphs 1-55 are incorporated herein by reference as though fully set forth.

57. Prior to 09/18/14, THE CITY and the NYPD developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in THE CITY, which caused the violation of plaintiff's rights.

58. It was the policy and/or custom of THE CITY and the NYPD to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by THE CITY and the NYPD.

59. It was the custom and policy of THE CITY and the NYPD to inadequately supervise and train and retain and hire their police officers including the defendant officers, thereby failing adequately to discourage further constitutional violations on the part of their police officers. THE CITY and the NYPD did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

60. As a result of the above described policies and customs, police officers of THE CITY and the NYPD, including the defendant officers believed that their actions

would not be properly monitored by supervisory officers and that misconduct would not be sanctioned or investigated, but would be tolerated.

61. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of THE CITY and the NYPD to the constitutional rights of persons within THE CITY and were the cause of the violations of plaintiff's rights alleged herein.

62. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against THE CITY for violation of his constitutional rights under color of law, in an amount to be determined by a jury after due trial.

## COUNT III.

## COUNT IV FALSE ARREST AND IMPRISONMENT

63. The allegations of Paragraphs 1-62 are incorporated by reference herein as though fully set forth.

64. The individual defendants were working within the scope of their authority when they committed the actions described above generally and specifically those actions delineated in paragraphs 23-42 above, and thereby confined the plaintiff without privilege.

65. The confinement aforesaid was without probable cause or privilege.

66. The individual defendants were careless and reckless and negligent in that they did not stop or restrain their fellow officers from confining the plaintiff.

67. As a result of the aforesaid unconstitutional confinement, in violation of the 4th and 14th amendments to the US constitution and 42 USC section 1983, the plaintiffs sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered emotional distress, in an amount to be determined by a jury after due trial.

## COUNT IV.

## MALICIOUS PROSECUTION

68. The allegations of paragraphs 1-67 are incorporated by reference herein as though fully set forth.

69. Defendants filed several false and legally insufficient charging instruments against the plaintiff herein in violation of the 4th and 14th amendments to the US Constitution and 42 USC section 1983. .

70. At the time of said filing, the defendants knew that said complaints were false and legally insufficient. Said complaints were dismissed as such.

71. Defendants acted wilfully, maliciously, recklessly, wantonly, and with intent to injure the plaintiffs, each and every one of plaintiffs herein.

72. At the time of said filing, the defendants knew that said complaints were false and legally insufficient. Said complaints were dismissed as such.

73. Defendants acted wilfully, maliciously, recklessly, wantonly, and with intent to injure the plaintiff, each and every one of them.

74. As a result of the aforesaid malicious prosecution, in violation of the 4th and 14th amendments to the US Constitution and 42 USC section 1983 the plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered extreme emotional distress, in an amount exceeding the jurisdictional limits of all lower courts.

## COUNT IV. UNREASONABLE SEARCH AND ENTRY UNDER 42 USC SECTION 1983

75. The allegations of paragraphs 1-74 are incorporated by reference herein as though fully set forth.

76. As a result of the aforesaid conduct by defendants, plaintiffs' home and possessions were entered and searched illegally and improperly, without consent, a

valid warrant, probable cause, privilege or consent, in violation of their constitutional rights as set forth in the Fourth and Fourteenth Amendments to the Constitution of the United States.

77.   As a result of the aforesaid conduct by defendants, plaintiffs' home and possessions were searched and damaged in an unreasonable manner, illegally and improperly, without consent, a valid warrant, probable cause, privilege or consent, in violation of their constitutional rights as set forth in the Fourth and Fourteenth Amendments to the Constitution of the United States.

78.   As a result of the aforesaid conduct by defendants, plaintiffs' home was entered illegally and they were not provided with a copy of any warrant, in violation of their constitutional rights as set forth in the Fourth and Fourteenth Amendments to the Constitution of the United States.

79.   As a result of the aforesaid the plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered extreme emotional distress, in an amount to be determined by a jury after due trial.

Wherefore, the plaintiff requests that this Court:

a. Award compensatory damages to the plaintiff against the defendants, jointly and severally in an amount to be determined by a jury after due trial. Not less than one million dollars ($1,000,000)
b. Award the costs of this action to the plaintiff.
c. Award reasonable attorneys fees to the plaintiff under 42 U.S.C. Section 1988 and/or any other applicable laws.
d. Award punitive damages in an amount to be determined by a jury after due trial. Not less than one million dollars ($1,000,000)
e. Award such other and further relief as this Court may deem appropriate.

Dated: Carmel, New York
       February 18, 2016

_____
JOHN P. GRILL
Grill9446

-13-

## VERIFICATION

  The undersigned, being an attorney admitted to the practice of law in the courts of the State of New York, and the United States District Courts for the Eastern and Southern Districts, deposes and states that I am the attorney of record for the plaintiff in this matter, that I have read the contents of the annexed pleading and know same to be true, except those matters stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief as to those matters therein not stated upon knowledge is based upon information, data, memoranda, records given to me and maintained in a file in my office. The reason I make this verification instead of the plaintiff is that plaintiff is not within the county where affirmant maintains his office.

  I affirm that the foregoing statements are true under penalty of perjury.

Dated: Carmel, New York  
   February 20, 2016   JOHN P. GRILL, ESQ.(9446jg)

For LAW OFFICES OF JOHN P. GRILL, PC
229 Nimham Road
Carmel, NY 10512
(917) 601-5507

UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF NEW YORK

15CV05164 (DC)

PATRICK SALVADOR

        Plaintiff,

- against -

THE CITY OF NEW YORK, THE  
NEW YORK CITY POLICE DEPARTMENT,  
and POLICE OFFICER JOSE RODRIGUEZ,  
Shield No. 006634, and OFFICER "JOHN DOE"

        Defendants.

## AMENDED SUMMONS AND COMPLAINT

LAW OFFICES OF JOHN P. GRILL, PC  
Attorneys for Plaintiff(s)  
229 Nimham Road  
Carmel, NY 10512  
(917) 601-5507

To:

Attorney(s) for

Service of a copy of the within is hereby admitted.

Dated:

................................................................

Attorney(s) for